RECEIVED
DEC 18 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Vidrine                                                    Civil Action No. 6:12-2111

versus                                                     Judge Richard T. Haik, Sr.

St. Landry Parish Fire                                     Magistrate Judge C. Michael Hill
Protection District #3, et al

## MEMORANDUM ORDER

Before the Court is a Motion To Dismiss filed by defendant, St. Landry Parish Fire Protection District #3 ("Fire District") [Rec. Doc. 7], and plaintiff, John C. Vidrine's, Opposition thereto [Rec. Doc. 16]. Plaintiff originally filed this action against Fire Chief of the St. Landry Parish Fire Protection District No. 3, Dominick Vidrine, and the Fire District, alleging that the defendants retaliated against him for filing an EEOC charge and seeking damages under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Plaintiff *R. 1; 15*.

Defendant filed this motion to dismiss on September 14, 2012, contending that plaintiff's § 1983 claims as well as his Title VII claims should be dismissed for failure to state a claim. *R. 7*. On October 4, 2012, plaintiff filed an Amended Complaint which eliminated his claim against Chief Vidrine, individually, as well as his claim under 42 U.S.C. § 1983, leaving only his Title VII claim against the Fire District. *R. 15*. Accordingly, the Court will consider defendant's motion as to plaintiff's Title VII claim.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief.... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but

it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quotations omitted). Plaintiff "need not allege in [his] complaint every fact that [he] might need to prove to prevail on the merits.... This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which rests. The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim." *Goss v. Hardy Energy Servs., Inc.*, No. 09–0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)); accord *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir.2004). Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir.2011).

The Supreme Court recently clarified the standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*2 *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011) (quoting *Iqbal,* 556 U.S. at 678) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007))).

In his Complaint and Amended Complaint, plaintiff alleges that, after he filed a charge with the EEOC on September 29, 2011, alleging that his demotion from

2.

District Chief to Captain was due to religious discrimination, Chief Vidrine ordered him to perform a strenuous water shuttle drill three consecutive times without a rest break in between. *R. 1; 15.* Plaintiff further alleges that no other fire fighter has been required to perform the shuttle drill even twice on the same day. *Id.* Finally, plaintiff alleges that as a result of injuries he suffered while performing the drills, he has been informed by his doctor that he will never be able to work as a fire fighter again. *Id.*

The Court finds that plaintiff has made sufficient allegations to state a claim for retaliation under Title VII: (1) he engaged in protected activity, (2) an adverse employment action occurred and (3) there was a causal link between the protected activity and the adverse employment action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir.2012). Plaintiff alleges in his Complaint and Amended Complaint that he filed an EEOC charge against defendant; that shortly after learning of the EEOC charge, Chief Vidrine took a discriminatory, retaliatory adverse employment action against him by forcing him to run a strenuous water shuttle drill three consecutive times[1]; and, that plaintiff's injuries were the consequence of forcing him to perform the drill three consecutive times. Although plaintiff does not use "causation" terminology, based on the close temporal proximity of events, the Court may plausibly infer from these factual allegations that plaintiff's adverse employment action was the alleged result of having engaged in protected activity. *Schroeder v. Greater New Orleans Federal Credit Union*, 664 F.3d 1016, 1025 (5th Cir. 2011) (citing *Swanson v. General Services Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

---

[1] *See Burlington Northern & Sante Fe Railway v. White*, 548 U.S. 53, 68 (2006).

Plaintiff's retaliation claim "easily satisfies the notice standard and asserts a claim for relief that, as required by *Twombly*, rises above the speculative level." *Goss*, 2010 WL 427748, at *2; accord *Brown v. Refugio Cnty.*, 2009 WL 4231993, at *2 (S.D.Tex. Nov. 19, 2009). Accordingly,

**IT IS ORDERED** that the Motion To Dismiss filed by defendant, St. Landry Parish Fire Protection District #3 ("Fire District") [Rec. Doc. 7] **DENIED**.

Thus done and signed this 17th day of December, 2012 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

4.